# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ANGELA PROUT,

                           Plaintiff,                              SUMMONS

              -against-                              Index No.:

PEDRAM BRAL, M.D., RAJAN S. GUPTA, M.D.,
and MAIMONIDES MEDICAL CENTER,

                           Defendants.
------------------------------------------------------------------------X

       Plaintiff designates KINGS County as the place of trial based on Defendants' place of business located at 4802 10th Avenue, Brooklyn, New York 11219.

To the above-named Defendants:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:       New York, New York
                  August 5, 2020

                                                     Yours, etc.
                                                     THE JACOB D. FUCHSBERG LAW FIRM

                                                     _____
                                                     By: Walter Osuna, Esq.
                                                     *Attorneys for Plaintiff*
                                                     Office & P.O. Address
                                                     3 Park Avenue, 37th Floor
                                                     New York, New York 10016
                                                     (212) 869-3500
                                                     File No: 25873
                                                     w.osuna@fuchsberg.com

SUMMONS CONTINUED:

Defendants' address:

PEDRAM BRAL, M.D.
6010 Bay Parkway
Brooklyn, New York 11219

RAJAN S. GUPTA, M.D.
4802 10th Avenue
Brooklyn, New York 11219

MAIMONIDES MEDICAL CENTER
4802 10th Avenue
Brooklyn, New York 11219

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ANGELA PROUT,

                             Plaintiff,

                 -against-

PEDRAM BRAL, M.D., RAJAN S. GUPTA, M.D.,
and MAIMONIDES MEDICAL CENTER,

                             Defendants.
------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff ANGELA PROUT, by her attorneys The Jacob D. Fuchsberg Law Firm, LLP complaining of defendants PEDRAM BRAL, M.D., RAJAN S. GUPTA, M.D., and MAIMONIDES MEDICAL CENTER (collectively referred as "Defendants") herein, alleges on information and belief as follows that:

1. At all pertinent times, plaintiff ANGELA PROUT ("Plaintiff"), was and is a resident of the County of Richmond, State of New York.

2. At all times herein mentioned, defendant MAIMONIDES MEDICAL CENTER owned, operated, managed, maintained and controlled a hospital facility located at 4802 10th Avenue, Brooklyn, New York 11219.

3. This action falls within one or more of the exceptions set forth in CPLR §1602, and as such the defendants are jointly and severally liable for each of their agents, servants, and/or employees' acts and/or omissions pursuant to the exceptions set forth in Article 16 of the CPLR

4. Pursuant to CPLR §1602 (2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR §1601, for each of their agents, servants, and/or employees' acts and/or omissions, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

5. Pursuant to CPLR §1602 (2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR §1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each of their servants, agents, affiliated physicians and/or employees.

6. Pursuant to CPLR §1602(7), Defendants are jointly and severally liable for all of Plaintiff's' damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR §1601, for each of their agents, servants, and/or employees' acts and/or omissions, by reason of the fact that said Defendants acted with reckless disregard for the safety of others, namely Plaintiff herein.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**FOR MEDICAL MALPRACTICE**</u>

7. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 6 above with the same force and effect as if more fully set forth at length herein.

8. At all pertinent times, defendant MAIMONIDES MEDICAL CENTER was and still is a domestic not-for-profit corporation duly existing under and by virtue of the laws of the State of New York, having its principal place of business at 4802 10th Avenue, Brooklyn, New York 11219.

9. At all pertinent times, defendant MAIMONIDES MEDICAL CENTER owned, operated, maintained, managed, controlled, staffed, and managed a hospital pursuant to the laws of the State of New York for the care, diagnosis and treatment of the sick and injured, located at 4802 10th Avenue, Brooklyn, New York 11219, and those needing medical and surgical care, treatment, diagnosis, monitoring, evaluation, advice, and related services, including but not limited to all of its inpatient and outpatient care, treatment and diagnostic facilities, medical clinic, clinics, radiology suites, operating rooms, laboratories, offices, and the equipment, facilities and appurtenances thereto.

4

10. At all pertinent times, defendant MAIMONIDES MEDICAL CENTER was a domestic not-for-profit corporation that owned, operated, maintained, controlled, and managed a medical center pursuant to the laws of the State of New York for the care of the sick, located at 4802 10th Avenue, Brooklyn, New York 11219, which provided personnel, including physicians, residents, fellows, interns, physicians, obstetricians, gynecologists, surgeons, anesthesiologists, internists, nurses, physician assistants, radiologists, laboratory personnel and other healthcare personnel for the care and treatment of its patients, and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff, could be treated for various ailments.

11. At all pertinent times, defendant MAIMONIDES MEDICAL CENTER by its agents, servants and/or employees, including co-defendants PEDRAM BRAL, M.D. and RAJAN S. GUPTA, M.D., held itself out to the public, in general, and to Plaintiff in particular, as a hospital that provided capable and competent healthcare providers including but not limited to physicians, residents, fellows, interns, physicians, obstetricians, gynecologists, surgeons, anesthesiologists, internists, nurses, physician assistants, radiologists, laboratory personnel and other healthcare providers capable and competent to render hospital, medical, diagnostic, surgical, radiological, nursing, laboratory and related healthcare provider care, treatment, diagnosis, management, evaluation, advice and/or services to the public, in general, and in particular to Plaintiff.

12. At all times referred to herein, defendant MAIMONIDES MEDICAL CENTER was accredited by the Joint Commission on Accreditation of Healthcare Organizations, formerly known as the Joint Commission on Hospital Accreditation.

13. At all pertinent times, defendant MAIMONIDES MEDICAL CENTER stood in such relationship with each of the attending physicians, hospital physicians, obstetricians, gynecologists, surgeons, anesthesiologists, employees, agents, and any other personnel that rendered care, diagnosis,

5

treatment, evaluation, management, monitoring, and services to or for Plaintiff as to make defendant MAIMONIDES MEDICAL CENTER vicariously liable for the negligent and careless acts and omissions, and medical malpractice of such attending physicians, hospital physicians, obstetricians, gynecologists, surgeons, anesthesiologists, employees, agents, and any other personnel in the facility.

14. At all times mentioned herein, defendant MAIMONIDES MEDICAL CENTER, by its agents, servants and/or employees, held itself out to the public in general, and to Plaintiff, in particular, as a hospital that provided capable and competent healthcare providers including but not limited to attending physicians, hospital physicians, obstetricians, gynecologists, surgeons, anesthesiologists, residents, physician assistants, nurses, and other personnel able to render and administer hospital, medical, surgical, nursing, and diagnostic care, treatment, management and/or services in accordance with good and accepted standards of medical and professional care and practice.

15. At all times mentioned herein, defendant MAIMONIDES MEDICAL CENTER represented expressly or impliedly that the physicians, interns, residents, nurses, surgeons, anesthesiologists, laboratory personnel, physician assistants, and other medical personnel in its employ or on its staff or to whom privileges had been extended or who were affiliated with said hospital and medical center, including the individually named defendants herein, were qualified and capable of rendering medical, nursing, surgical, and physician assistant care, treatment, diagnosis, management, and services in accordance with good and accepted standards of medical, nursing, surgical, anesthesiology, physician assistant, and/or hospital practice.

16. At all pertinent times, defendant PEDRAM BRAL, M.D. (hereinafter "BRAL") was a physician duly licensed to practice medicine in the State of New York.

17. At all pertinent times, defendant BRAL held himself out to the general public, and in

6

particular to Plaintiff, as a physician offering professional services and medical care and treatment, including surgical care.

18. At all pertinent times, defendant BRAL maintained offices to offer professional services and medical care and treatment located at 6010 Bay Parkway, Brooklyn, New York 11219.

19. At all pertinent times, defendant BRAL maintained offices to offer professional services and medical care and treatment located at 1312 38th Street, Brooklyn, New York 11218.

20. At all pertinent times, defendant BRAL was an employee of defendant MAIMONIDES MEDICAL CENTER.

21. At all pertinent times, defendant BRAL was an agent of defendant MAIMONIDES MEDICAL CENTER.

22. At all pertinent times, defendant BRAL was a servant of defendant MAIMONIDES MEDICAL CENTER.

23. At all pertinent times, defendant BRAL was an independent contractor of defendant MAIMONIDES MEDICAL CENTER.

24. At all pertinent times, defendant BRAL was an attending physician providing medical and surgical services at defendant MAIMONIDES MEDICAL CENTER.

25. At all pertinent times, defendant BRAL was board certified in Obstetrics & Gynecology and provided medical and surgical services at defendant MAIMONIDES MEDICAL CENTER

26. At all pertinent times, defendant BRAL was an Obstetrics & Gynecology surgeon providing medical and surgical services at defendant MAIMONIDES MEDICAL CENTER.

27. At all pertinent times, defendant BRAL had privileges at defendant MAIMONIDES MEDICAL CENTER.

28. At all pertinent times, defendant BRAL undertook a duty to attend and care Plaintiff

in a reasonable, proper and skillful manner.

29. At all pertinent times, defendant RAJAN S. GUPTA, M.D. (hereinafter "GUPTA") was a physician duly licensed to practice medicine in the State of New York.

30. At all pertinent times, defendant GUPTA held himself out to the general public, and in particular to Plaintiff, as a physician offering professional services and medical care and treatment, including anesthesiology and pain management care.

31. At all pertinent times, defendant GUPTA was an employee of defendant MAIMONIDES MEDICAL CENTER.

32. At all pertinent times, defendant GUPTA was an agent of defendant MAIMONIDES MEDICAL CENTER.

33. At all pertinent times, defendant GUPTA was a servant of defendant MAIMONIDES MEDICAL CENTER.

34. At all pertinent times, defendant GUPTA was an independent contractor of defendant MAIMONIDES MEDICAL CENTER.

35. At all pertinent times, defendant GUPTA was an attending physician providing medical and anesthesia services at defendant MAIMONIDES MEDICAL CENTER.

36. At all pertinent times, defendant GUPTA was board certified in Physical Medicine and Rehabilitation with a subspecialty in Pain Medicine and provided medical, anesthesiology, and surgical services at defendant MAIMONIDES MEDICAL CENTER

37. At all pertinent times, defendant GUPTA was an anesthesiologist providing medical, anesthesiology, and surgical services at defendant MAIMONIDES MEDICAL CENTER.

38. At all pertinent times, defendant GUPTA had privileges at defendant MAIMONIDES MEDICAL CENTER.

39. At all pertinent times, defendant GUPTA undertook a duty to attend and care Plaintiff in a reasonable, proper and skillful manner.

40. At all pertinent times, defendants BRAL and GUPTA stood in such a relationship with each other in their care and treatment of Plaintiff as to make each liable for the acts and omissions of the other.

41. At all pertinent times, defendants BRAL, GUPTA, and MAIMONIDES MEDICAL CENTER stood in such a relationship with each other in their care and treatment of Plaintiff as to make each liable for the acts and omissions of the other.

42. From on or about November 27, 2017 to on or about June 22, 2018, and subsequent thereto, Plaintiff sought and/or came under the professional care of defendant BRAL for certain medical complaints and/or conditions, including but not limited to a prophylactic bilateral salpingo-oophorectomy, and other conditions, and this defendant, through his agents, servants and employees, rendered medical and/or surgical diagnosis, treatment and services to Plaintiff.

43. From on or about February 2, 2018 to on or about June 22, 2018, Plaintiff sought and/or came under the professional care of defendant GUPTA for certain medical complaints and/or conditions, including but not limited to the performance of a prophylactic bilateral salpingo-oophorectomy on February 2, 2018, and other conditions, and this defendant, through his agents, servants and employees, rendered medical and/or surgical diagnosis, treatment and services to Plaintiff.

44. From on or about February 2, 2018 to on or about June 22, 2018, and subsequent thereto, Plaintiff sought and/or came under the professional care of defendant MAIMONIDES MEDICAL CENTER for certain medical complaints and/or conditions, including but not limited to the performance of a prophylactic bilateral salpingo-oophorectomy on February 2, 2018 and post-surgical care, and other conditions, and this defendant, individually, and through any agents, servants and

employees, under its supervision, including but not limited to co-defendants BRAL and GUPTA, rendered medical and/or surgical diagnosis, treatment and services to Plaintiff.

45. All of the above medical, surgical, and/or other health care provider care, diagnosis and treatment were at all times relevant hereto rendered by defendants BRAL, GUPTA, and MAIMONIDES MEDICAL CENTER, and their agents, servants and/or employees, at MAIMONIDES MEDICAL CENTER, located at 4802 10th Avenue, Brooklyn, New York 11219, including but not limited to its operating rooms, post-operative rooms, recovery rooms, and ambulatory clinics, and at all other locations where these defendants, their agents, servants, employees, and independent contractors sought to render treatment or medical care to Plaintiff.

46. All of the above medical, surgical, and/or other health care provider care, diagnosis and treatment of defendants BRAL and GUPTA, was provided carelessly, unskillfully, negligently and not in accordance with good and accepted standards of medical, surgical, and/or anesthesiology care in the community and constitute malpractice by, including but not limited to, failing to properly position Plaintiff during the surgical procedure, failing to timely diagnose her right hip labral tear and related injuries, and causing a delay in treatment, and said defendants negligently and carelessly failed to render necessary, appropriate, and indicated care, treatment, diagnosis and services consistent with good and accepted standards of care.

47. All of the above medical, surgical, and/or other health care provider care, diagnosis and treatment of defendant MAIMONIDES MEDICAL CENTER, was provided carelessly, unskillfully, negligently and not in accordance with good and accepted standards of medical, emergent, surgical, and/or nursing care in the community and constitute malpractice, and said defendant negligently and carelessly failed to render necessary, appropriate, and indicated care, treatment, diagnosis and services consistent with good and accepted standards of care.

48. Plaintiff will further rely on the doctrine of *res ipsa loquitur*, which is applicable in this action, as Plaintiff suffered an unexplained injury while Plaintiff was anesthetized and the relevant instrumentality was under exclusive and joint control of Defendants.

49. By reason of the above and as a proximate cause of the above negligent care by Defendants, Plaintiff sustained and will continue to sustain significant injuries, including but not limited to a right hip femoral acetabular impingement, right hip labral tear, right hip loose body at the femoral lateral acetabular rim margin, pelvic pain, groin pain, hip pain, right-sided back pain, great pain, agony, conscious pain and suffering, disability, deformity, disfiguration, deficits, hospitalizations, the need for surgical interventions, need for pain management, difficulty in completing activities of daily living, loss wages, loss of enjoyment of life, as well as mental anguish and emotional distress.

50. By reason of the above, Plaintiff brings this action for her conscious pain and suffering and loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

51. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 to 50 above with the same force and effect as if more fully set forth at length herein.

52. Defendants, individually and through their agents, servants and/or employees, including affiliated physicians, surgeons, anesthesiologists, nurses, physician assistants, and other healthcare providers, failed to inform the Plaintiff or her representatives of the reasonably foreseeable risks and benefits of, and alternatives to the treatment proposed and rendered, while Plaintiff was under their care at various times from on or about November 27, 2017 to on or about June 22, 2018, and

subsequent thereto, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which these Defendants failed to provide and obtain an informed consent thereto.

53. A reasonably prudent person in the position of Plaintiff or her representatives would not have undergone the treatment and diagnosis rendered herein if she had been fully informed, but would have elected alternate treatment which would have avoided the injuries to Plaintiff which are the subject of this action.

54. The lack of informed consent alleged herein is a proximate cause of these injuries, conditions and disabilities and the damages for which recovery is sought.

55. By reason of the above and as a proximate cause of the above, Plaintiff sustained and will continue to sustain significant injuries, including but not limited to a right hip femoral acetabular impingement, right hip labral tear, right hip loose body at the femoral lateral acetabular rim margin, pelvic pain, groin pain, hip pain, right-sided back pain, great pain, agony, conscious pain and suffering, disability, deformity, disfiguration, deficits, hospitalizations, the need for surgical interventions, need for pain management, difficulty in completing activities of daily living, loss wages, loss of enjoyment of life, as well as mental anguish and emotional distress.

56. By reason of the above, Plaintiff brings this action for her conscious pain and suffering and loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR NEGLIGENT HIRING AND RETENTION

57. Plaintiff repeats and re-allege each and every allegation set forth in paragraphs 1 to 56 above with the same force and effect as if more fully set forth at length herein.

58. Defendant MAIMONIDES MEDICAL CENTER was negligent, and careless in the hiring, retention, and/or supervising of physicians, surgeons, anesthesiologists, residents, physician assistants, nurses, and other health care personnel, including but not limited to defendants BRAL and GUPTA, who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of physicians, surgeons, anesthesiologists, residents, physician assistants, nurses, and other healthcare providers in the community.

59. By reason of the above and as a proximate cause of the above, Plaintiff sustained and will continue to sustain significant injuries, including but not limited to a right hip femoral acetabular impingement, right hip labral tear, right hip loose body at the femoral lateral acetabular rim margin, pelvic pain, groin pain, hip pain, right-sided back pain, great pain, agony, conscious pain and suffering, disability, deformity, disfiguration, deficits, hospitalizations, the need for surgical interventions, need for pain management, difficulty in completing activities of daily living, loss wages, loss of enjoyment of life, as well as mental anguish and emotional distress.

60. By reason of the above, Plaintiff brings this action for her conscious pain and suffering and loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff ANGELA PROUT, demands judgment against defendants PEDRAM BRAL, M.D., RAJAN S. GUPTA, M.D., and MAIMONIDES MEDICAL CENTER, and each of them,

on the FIRST, SECOND, and THIRD CAUSES OF ACTION in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action, and interest such as are allowed by law.

                                      Yours, etc.
                                      THE JACOB D. FUCHSBERG LAW FIRM

                                      By: Walter Osuna, Esq.
                                      *Attorneys for Plaintiff*
                                      Office & P.O. Address
                                      3 Park Avenue, 37th Floor
                                      New York, New York 10016
                                      (212) 869-3500
                                      File No: 25873
                                      w.osuna@fuchsberg.com

## ATTORNEY'S VERIFICATION BY AFFIRMATION

WALTER OSUNA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an associate at THE JACOB D. FUCHSBERG LAW FIRM, attorneys of record for Plaintiff. I have read the annexed

SUMMONS & VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because Plaintiff resides outside of the county wherein your affirmant maintains offices.

DATED:   New York, New York
         August 5, 2020

_____
WALTER OSUNA